IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDDIE D. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:11-CV-376-WKW [WO] |
| | ) | |
| KIM T. THOMAS, Interim | ) | |
| Commissioner, Alabama Department | ) | |
| of Corrections, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Eddie D. Powell, an Alabama death row inmate, is scheduled for execution by lethal injection on Thursday, June 16, 2011.  On May 13, 2011, Powell filed this action under 42 U.S.C. § 1983, contending that the Alabama Department of Corrections's ("ADOC") recent change from sodium thiopental to pentobarbitol as the first of three drugs used in the lethal injection protocol constitutes cruel and unusual punishment in violation of the Eighth Amendment and violates his rights protected by the Due Process Clause of the Fourteenth Amendment.  On June 2, 2011, the ADOC Defendants filed a motion to dismiss the complaint or, in the alternative, for summary judgment.  (Doc. # 38.)  After an expedited briefing schedule (Doc. # 39) and careful consideration of the arguments of counsel and the applicable law,

the court finds that Defendants' motion to dismiss is due to be granted because Powell's § 1983 action is barred by the two-year statute of limitations.[1]

## II.  JURISDICTION AND VENUE

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).  The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of both.

## III.  STANDARD OF REVIEW

A defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion when the complaint shows on its face that the limitations period has run. *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).  When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

---

[1] When Powell filed this action, only thirty-four days remained until his execution.  Yet, Powell has not requested the court to expedite his case in any way or filed a motion for a temporary restraining order or temporary stay of execution.  This opinion is not, therefore, addressed to a stay of execution, but rather only to Defendants' motion to dismiss, *but see infra* note 8.

2

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Finally, in addition to considering the properly pleaded allegations of the complaint, on a motion to dismiss, the court can consider exhibits attached to the complaint, *see Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005), as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## IV.  BACKGROUND

The details of Powell's crimes are set forth in *Powell v. State*, 796 So. 2d 404, 410-11 (Ala. Crim. App. 1999). Briefly, on March 25, 1995, Powell "attacked, raped, sodomized and shot to death" seventy-year-old Mattie Wesson during a burglary of her home. *Id.* at 411; *see also Ex parte Powell*, 796 So. 2d 434 (Ala. 2001).

On June 16, 1998, a jury convicted Powell of multiple capital murder offenses, and on August 27, 1998, he was sentenced to death. *Powell v. Allen*, 602 F.3d 1263, 1267 (11th Cir. 2010). The Alabama Court of Criminal Appeals and the Alabama

Supreme Court affirmed Powell's convictions and death sentence on direct appeal. *Powell*, 796 So. 2d at 434, *aff'd*, *Ex parte Powell*, 796 So. 2d 434 (Ala. 2001). Powell's conviction and sentence became final on October 1, 2001, when the United States Supreme Court denied his petition for a writ of certiorari. *Powell v. Alabama*, 534 U.S. 904 (2001).

From 2002 to 2006, Powell pursued a state habeas petition. Powell's state habeas petition was dismissed by the state trial court; the Alabama Court of Criminal Appeals affirmed the trial court; and the Alabama Supreme Court quashed his petition for a writ of certiorari. *Powell*, 602 F.3d at 1267. Powell then filed a petition for a writ of federal habeas corpus in federal court pursuant to 28 U.S.C. § 2254. Powell's federal habeas corpus petition was denied by another district court in 2008. On April 8, 2010, the Eleventh Circuit affirmed the district court's denial of habeas relief, and on January 18, 2011, the United States Supreme Court denied Powell's petition for a writ of certiorari on his habeas claim. *Powell v. Allen*, 131 S. Ct. 1002 (2011).

On January 18, 2011, the state of Alabama filed a motion to set an execution date for Powell with the Alabama Supreme Court. (Powell's Compl. ¶ 18 (Doc. # 1).) On April 15, 2011, the Alabama Supreme Court set Powell's execution for June 16, 2011. (Powell's Compl. ¶ 23.)

4

Eleven days later, on April 26, 2011, the ADOC publicly announced that it was changing the first drug in its lethal injection protocol from sodium thiopental to pentobarbital.  (Powell's Compl. ¶ 25.)  Until that time, the ADOC conducted lethal injections by successive injections of sodium thiopental, pancuronium bromide, and potassium chloride.  (Powell's Compl. ¶ 28.)  The ADOC implemented the change based upon a "very short supply worldwide" of sodium thiopental due to the manufacturer's decision to cease production of the drug.  (Powell's Compl., Exs. B, D.)  Alabama is not alone in its decision.  *See Powell v. Thomas*, No. 11-12228, 2011 WL 2077796, at *1 (11th Cir. May 19, 2011) (per curiam) (published) ("Alabama, along with a number of other states, selected pentobarbital as a replacement [in its lethal injection protocol] to ensure that it could continue to carry out executions regardless of sodium thiopental's availability.").

Having garnered knowledge of the ADOC's switch to pentobarbital, Powell filed this § 1983 lawsuit on May 13, 2011,[2] seeking injunctive and declaratory relief against Kim Thomas, Interim ADOC Commissioner, and Anthony Patterson, Warden of Holman Correctional Facility.  The Complaint sets out two causes of action.  The constitutionality of the ADOC's replacement of sodium thiopental with pentobarbital

---

[2] Seventeen days elapsed between the ADOC's April 26 announcement and the filing of Powell's lawsuit.  The reason for that delay is not explained.

in the three-drug lethal injection sequence is the focal point of Powell's first cause of action. Namely, he alleges that the ADOC's method of "inducing and maintaining loss of consciousness and sensation prior to execution," the use of "chemicals that cause severe pain in the process of causing death," and the failure to retain qualified medical personnel to administer the ADOC's chosen chemicals, violate his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.[3] (Powell's Compl. ¶¶ 37, 42-43.) Powell's second cause of action challenges the "veil of secrecy" surrounding the ADOC's method of execution, allegedly created by the ADOC's "confidential" execution procedures and the ADOC's statutory exemption from legislative oversight concerning its execution procedures. (Powell's Compl. ¶¶ 27, 44.) More specifically, Powell alleges that the absence of "notice of the protocols, procedures, and training involved in the execution process, and the opportunity to comment on these provisions," violates his due process rights under the Fourteenth Amendment.[4] (Powell's Compl. ¶ 44.)

---

[3] The Eighth Amendment is applicable to the states through the Fourteenth Amendment's Due Process Clause. *Baze v. Rees*, 553 U.S. 35, 47 (2008).

[4] The second cause of action also references the Fifth Amendment, but Powell has abandoned reliance on that amendment (Doc. # 40, at 5-6), and for good reason. *See Buxton v. Plant City*, 871 F.2d 1037, 1041 (11th Cir. 1989) ("The [F]ifth [A]mendment to the United States Constitution restrains the federal government, and the Fourteenth Amendment, section 1, restrains the states, from depriving any person of life, liberty or property without due process of law."). No federal officials are sued in this action.

Powell is not the first Alabama death row inmate to bring these constitutional causes of action. A nearly identical complaint was filed by another Alabama death row inmate, Jason Oric Williams. On May 13, 2011, Williams filed an emergency motion to intervene in this action and a motion for a temporary stay of execution. (Docs. # 4, 6.) This court permitted Williams to intervene, given the overlapping "common issues of fact and law" and Williams's imminent May 19, 2011 execution date. (Doc. # 12.) In a memorandum opinion and order entered on May 16, 2011, this court denied Williams's motion for a temporary stay of execution, however. (Doc. # 17.) The Eleventh Circuit affirmed that decision on May 19, 2011. (Doc. # 30); *Powell*, 2011 WL 2077796 (styled "*Powell*" because Williams intervened in this case). The same date, the United States Supreme Court denied Williams's petition for a writ of certiorari. *See Williams v. Thomas*, No. 10-10589, 2011 WL 1894851 (May 19, 2011).

## V. DISCUSSION

Defendants argue that the two-year statute of limitations on Powell's § 1983 constitutional claims began to run in 2002, when Powell knew that he was subject to execution by lethal injection rather than by electrocution, and expired in 2004. (Doc. # 38, at 29.) Because this action was not brought until some seven years later, in 2011, they contend that the statute of limitations bars Powell's action. Defendants

7

further assert that the Eleventh Circuit's decision in *Powell v. Thomas*, No. 11-12228, 2011 WL 2077796 (11th Cir. May 19, 2011) (published) (per curiam), forecloses Powell's argument that he was "subject to a new or substantially changed execution protocol" that restarted the statute of limitations clock, when earlier this year the ADOC replaced sodium thiopental with pentobarbital as the first drug in its three-drug lethal injection protocol.

"'All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.'" *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008) (quoting *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008)).  Powell brought his action in Alabama, where the governing limitations period for personal injury actions is two years. *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989).  The length of limitations period is not in dispute, but the accrual date is.

In *McNair*, the Eleventh Circuit held that an inmate's "method of execution claim accrues on the later of the date on which state review is complete, or the date on which the capital litigant becomes subject to a new or substantially changed execution protocol."  515 F.3d at 1174.  As discussed in *McNair*, in July 2002, the state of Alabama implemented a *new* execution protocol, changing the "preferred method of execution from electrocution to lethal injection."  *Id.* at 1177.  Inmates on

death row at that time, including Powell, had thirty days to opt out of the lethal injection protocol and elect execution by electrocution. For any death row inmate who did not choose electrocution, July 31, 2002 was "when it became clear he would be executed by lethal injection," and thus, was when the running of the statute of limitations commenced. *Id.* That meant that, in *McNair*, the death row inmate's § 1983 Eighth Amendment claim challenging Alabama's lethal injection protocol as violating his right to be free from cruel and unusual punishment began to run on July 31, 2002. And, "absent a significant change in the state's execution protocol (which did not occur in [that] case)," the inmate was required to bring his claim by July 31, 2004, which was "more than two years before his complaint was filed." *Id.* at 1177. The inmate's claim was, therefore, barred by the two-year statute of limitations. The same conclusion is required here.

Powell's conviction and sentence become final on October 1, 2001, when the United States Supreme Court denied Powell's petition for a writ of certiorari on direct review of his conviction and sentence. The statute of limitations was not triggered on that date because, "at that time, Alabama had not yet adopted lethal injection as a form of execution." *Id.* Hence, Powell's challenge to execution by lethal injection accrued on July 31, 2002, absent a later "significant change" in the state execution protocol. Powell's argument, *i.e.*, that the ADOC's change from sodium thiopental

9

to pentobarbital, is a substantial or significant change in the lethal injection protocol as contemplated by *McNair*, contravenes the Eleventh Circuit's holding in *Powell*. *McNair* did not define the parameters of a "substantially changed execution protocol." 515 F.3d at 1174. It did not have to because no issue was raised that such a change had occurred. *See id.* at 1177. The Eleventh Circuit in *Powell*, addressing a § 1983 Eighth Amendment claim identical to Powell's (and indeed filed in this very case), pronounced that "[t]he replacement of sodium thiopental with pentobarbital does not constitute a significant alteration in the ADOC's lethal injection protocol . . . ."[5] *Powell*, 2011 WL 2077796, at *3. Applying *Powell*'s pronouncement, the court finds that the ADOC's switch from sodium thiopental to pentobarbital as the first drug used in the ADOC's three-drug lethal injection protocol is not a significant or substantial change in the execution protocol, so as to reset the start of the two-year statute of limitations. Accordingly, Powell's Eighth Amendment claim challenging the change in the first drug used in the lethal injection protocol accrued on July 31, 2002, and expired two years later on July 31, 2004. His Complaint, filed on May 13, 2011, falls well outside the scope of the two-year limitations period.

---

[5] *Powell* was decided on an appeal from the district court's denial of a motion for a temporary stay of execution. No reason has been offered, and none can be envisioned, why *Powell*'s pronouncement would mean something different when analyzing whether a change in execution protocol is significant or substantial enough to trigger a new accrual date. This is especially so when the allegations under consideration in this matter are the same as those in *Powell*.

In his Complaint, Powell labels his second cause of action attacking the method of his execution as a Fourteenth Amendment due process claim. (Powell's Compl. ¶ 44.) Regardless of the claim's label,[6] the event that Powell says started the statute of limitations clock ticking anew on this claim is the ADOC's pentobarbital substitution. (Doc. # 40, at 3, 4.) But, as explained, that event will not suffice under *Powell*. Rather, Powell could have challenged the ADOC's "secrecy" (Compl. ¶ 46) surrounding the method of execution beginning July 31, 2002, as the facts supporting this cause of action "should have been apparent to any person with a reasonably prudent regard for his rights." *McNair*, 515 F.3d at 1177. The ADOC's switch to pentobarbitol does not awaken this long stale claim. Accordingly, the statute of limitations bars Powell's causes of action.[7]

## VI. CONCLUSION

Powell's § 1983 Complaint challenging the constitutionality of the method of his execution by lethal injection is barred by the applicable statute of limitations.

---

[6] This cause of action mirrors the one Williams brought, both in substance and by its label. (*Compare* Williams's Compl. ¶ 48 (Doc. # 13), *with* Powell's Compl. ¶ 44.) The Eleventh Circuit in *Powell* characterized this claim, not as a Fourteenth Amendment due process claim, but as one "assert[ing] . . . a broad Eighth Amendment right to know the details of his execution in order to ensure proper oversight and avoid uncertainty that unnecessarily creates anxiety, which greatly exacerbates his sentence," and, moreover, as an "attempt[ ] to avoid the legal prism typically used for analyzing similar Eighth Amendment claims." *Powell*, 2011 WL 2077796, at *2.

[7] In light of this finding, Defendants' other arguments for dismissal need not be addressed, although some are persuasive.

Powell was required to file his § 1983 Complaint within two years of July 31, 2002, but did not file it until May 13, 2011, more than six years too late.  Accordingly, it is ORDERED that Defendants' motion to dismiss (Doc. # 38) is GRANTED.[8]

It is further ORDERED that the alternative motion for summary judgment is DENIED as moot.

An appropriate final judgment will be entered.

DONE this 9th day of June, 2011.

_____
        /s/ W.  Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[8] Although this opinion is not being decided on the equitable inquiry of whether Powell has unreasonably delayed in litigating his § 1983 claims, *see McNair*, 515 F.3d at 1172, Powell has litigated this action as if time is on his side.  He has not filed a motion for a temporary restraining order or for a temporary stay of execution.  He has not requested any type of expedited hearing or briefing schedule on any issue.  He did not file a motion to join Williams's motion for a temporary stay of execution.  With that said, however, even if Powell had filed a motion for a temporary stay of execution, on the claims and record presented, which are substantially identical to the record and claims in Williams's case, the motion would have been denied for the same reasons espoused in this court's memorandum opinion and order entered on May 16, 2011, denying Williams's motion for a temporary stay of execution.  (Doc. # 17); *Powell v. Thomas*, No. 11cv376, 2011 WL 1843616 (M.D. Ala. May 16, 2011), *aff'd*, 2011 WL 2077796 (11th Cir. May 19, 2011), *cert. denied*, *Williams v. Thomas*, 2011 WL 1894851 (May 19, 2011).